# A. O. SMITH CORPORATION, Plaintiff,

## v.

## UNITED STATES of America, Defendant.

### No. 81–C–462.

United States District Court, E. D. Wisconsin.

March 19, 1982.

Norbert C. Baldus and G. W. Haight, A. O. Smith Corporation, Milwaukee, Wis., for plaintiff.

Nancy Morgan, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

Plaintiff A. O. Smith Corporation instituted this action on May 8, 1981 seeking to recover penalties assessed by the defendant United States of America as a result of plaintiff's failure to pay estimated income taxes for the years 1974 and 1975. Jurisdiction over this civil action is conferred upon this Court by 28 U.S.C. § 1346(a)(1) and Section 7422(a) of the Internal Revenue Code of 1954.

Presently pending before the Court are the parties' cross motions for summary judgment. Because the parties have stipulated to all relevant facts, resolution of the pending motions requires only interpretation and application of the relevant Internal Revenue Code provision to the facts before the Court.

The parties have stipulated to the following facts:

1. For the taxable year 1974, plaintiff had no taxable income but paid tax from recomputing a prior year investment credit.

2. The tax due in taxable year 1974 from the recapture of investment credit was $148,266.

3. For the taxable year 1974, plaintiff earned investment credit of $1,504,708 on qualified investment in new and used property. The investment credit earned in 1974 was carried back to earlier years.

4. For the taxable year 1975, plaintiff had taxable income and incurred a tax liability from that year's business operations.

5. Plaintiff did not make any estimated tax payments in either 1974 or 1975.

6. Plaintiff was assessed and paid penalties for failure to pay estimated income tax in the amounts of $3,935.48 and $23,857.05 for the taxable years 1974 and 1975, respectively, pursuant to Section 6655 of the Internal Revenue Code of 1954.

The parties also agree that plaintiff is a corporation subject to taxation under Section 11 of Chapter 1 of the Internal Revenue Code. Section 11 provides, in relevant part, the following:

(a) *Corporations in General.*—A tax is hereby imposed for every taxable year on the taxable income of every corporation.

In addition, the parties agree that Section 6154(a) of the Internal Revenue Code of 1954 requires every corporation subject to taxation under section 11 to make payments of estimated tax during its taxable year if its estimated tax for such year can reasonably be expected to be $40.00 or more. Finally, the parties agree a corporation which underpays its estimated taxes is liable to the Government for an additional amount based on the amount of underpayment for the period of underpayment pursuant to Section 6655(e) of the Internal Revenue Code.

The dispute between the parties concerns Section 47(a)(1) of Chapter 1 of the Internal Revenue Code of 1954. Section 47(a)(1), which provides for the recapture of investment credit, states:

(a) *General Rule.*—Under regulations prescribed by the Secretary or his delegate—

(1) *Early disposition, etc.*—If during any taxable year any property is disposed of or otherwise ceases to be section 38 property with respect to the taxpayer, before the close of the useful life which was taken into account in computing the credit under section 38, then the tax under this chapter for such taxable year shall be increased by an amount equal to the aggregate decrease in the credits allowed under section 38 for all prior taxable years which would have resulted solely from substituting, in determining qualified investment, for such useful life the period beginning with the time such property was placed in service by the taxpayer and ending with the time such property ceased to be section 38 property.

As stated earlier, plaintiff sustained a loss from operations in 1974. Consequently, it would not have been liable for any taxes in that year but for the recapture of investment credit. During 1974, plaintiff disposed of property on which it had previously taken investment credit. Because that property was disposed of before the close of the useful life used to compute plaintiff's investment credit under section 38 of the Code, plaintiff was required by section 47(a)(1) to recapture investment credit from prior years, resulting in a $148,266.00 tax liability in 1974.

In assessing a penalty against plaintiff for failing to make estimated tax payments in 1974, the Government took the position that the tax imposed by section 47(a)(1) was a tax for purposes of section 11, as well. Relying primarily on the language of section 47(a)(1) and Treasury Regulations Section 1.47–1(b)(1), the Government in this action stands by its earlier position.

Section 47 makes no direct reference to section 11. Nevertheless, the Government contends the recapture must be treated as a section 11 tax because section 47 provides that recaptured investment credit shall increase "the tax under this chapter [i.e. Chapter 1]" and section 11 is the provision of chapter 1 which pertains to corporations.

Treasury Regulation 1.47–1(b)(1) supports the Government's position. It states:

(b) *Increase in income tax and reduction of investment credit carryover*—(1) *Increase in tax.* Except as provided in

subparagraph (2) of this paragraph [the provisions of which are irrelevant herein], any increase in income tax under this section shall be treated as income tax imposed on the taxpayer by chapter 1 of the Code for the recapture year notwithstanding that without regard to such increase the taxpayer has no income tax liability, has a net operating loss for such taxable year, or no income tax return was otherwise required for such taxable year.

Plaintiff disagrees with the Government's interpretation of section 47. If Congress had intended that estimated taxes be paid for recaptured investment taxes, plaintiff contends, it would have simply listed section 47 as one of the sections with respect to which estimated taxes must be paid or, inserted the words "chapter" in place of the words "Section 11 or 1201(a), or subchapter L of chapter 1, whichever is applicable" wherever the latter phrase appears in section 6154 and section 6155.

Plaintiff's argument is unpersuasive. Although Congress might have used more specific language when drafting the sections in controversy, this Court is satisfied that Congress intended taxes imposed on corporations pursuant to section 47 to be treated as section 11 taxes, as well. Treasury Regulation 1.47–1(b)(1), which is entitled to great deference by this Court, *Commissioner v. Portland Cement Co.*, 450 U.S. 156, 169, 101 S.Ct. 1037, 1045, 67 L.Ed.2d 140 (1981), supports this conclusion. Accordingly, the Court holds that the taxes imposed by Section 11 of Chapter 1 of the Internal Revenue Code of 1954 include tax liabilities imposed for recaptured investment tax credits pursuant to section 47.

The Court also rejects plaintiff's contention that it was not bound to make estimated tax payments in 1974 because the investment tax credits it earned in that year ($1,504,708) exceeded the tax liability imposed as a result of investment tax credits recaptured that year.

The definition of tax for purposes of determining whether a corporation has failed to make sufficient estimated tax payments is set forth in section 6655(e) as follows:

(1) *In General.*—... the term "tax" means the excess of—

(A) the tax imposed by section 11 ... over,

(B) the sum of—

(i) the credits against tax provided by part IV of subchapter A of chapter 1.

Investment credit is one of the credits provided for in part IV of subchapter A of chapter 1. However, because section 47(c) states that any increase in tax resulting from the recapture of investment credit shall not be treated as a tax imposed by chapter 1 for purposes of determining allowable investment credit, plaintiff was not entitled to subtract the investment credit it earned in 1974 from the tax imposed by section 11 for purposes of section 6655(e).

Finally, as plaintiff recognizes at page 4 of its brief in support of its motion for summary judgment, the validity of the additional tax levied on the Company for 1975 is directly dependent upon the validity of the 1974 additional tax. Having found that the tax imposed by section 47 is also a tax for purposes of section 11 and section 6655, the Court rejects plaintiff's reliance on section 6655(d)(2) as a justification for failing to make estimated tax payments in 1975.

Based on the foregoing, the Court finds that the defendant acted in accordance with the law when it denied plaintiff's request for refunds for the penalties assessed for the years 1974 and 1975. Accordingly, the Court hereby denies plaintiff's motion for summary judgment, grants defendant's motion for summary judgment and orders plaintiff's complaint dismissed with prejudice.